ANNA E. JORDAN, PLAINTIFF-APPELLEE, v. JOSEPH E.
BERNSTEIN, DEFENDANT-APPELLANT.

Submitted January 30, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *G. Earl Brugler* and *Victor C. L. Hanson.*

For the appellee, *Sigmund Auerbach.*

PER CURIAM.

This appeal brings up a judgment of the Second District
Court of Jersey City, in favor of the plaintiff against the
defendant in a suit brought to recover damages for injuries
sustained by the giving away of a porch and railing, precipi-
tating plaintiff to the ground. The state of demand alleges
that the defendant was the owner of the premises and that
the plaintiff was an invitee; that the defendant so carelessly
and negligently constructed and maintained the stoop, stairs
and railing that the railing gave away and fell off, causing
plaintiff to be thrown to the ground and injured.

It appears that the premises are a one-story dwelling house
occupied by a single family; that plaintiff was a domestic in
the service of the tenant, Moss; that about two months prior

to the occurrence "after certain repairs or painting work to the floors and walls had been done in the kitchen in the basement by the defendant's agent, Mrs. Moss, in the presence of the plaintiff, notified the defendant's agent, who had supervised and arranged for the aforesaid repairs or painting work in the kitchen, that the steps, porch and railing around same were in a defective and dangerous condition. The defendant's agent agreed to have the steps, porch and railing repaired and placed in a proper and safe condition."

In view of the fact that there was no obligation on the landlord in the circumstances shown to make repairs, to make him liable on the theory of an assumption of such duty, it must appear either that he undertook the repairs and did them in a faulty manner, or that he specifically agreed to make the repairs and failed to do so. In this case, unless the person to whom the statement alleged to have been made by Mrs. Moss was made, was the agent for the purpose of the owner, he would not be bound by it. It does not appear who this person was, or that it was ever communicated to the owner, or that the owner had knowledge of the condition complained of, or was under any duty to know about it. The mere fact that the owner may have made repairs on one occasion would not be sufficient to charge him with the duty of making other repairs. *Bolitho* v. *Mintz,* 106 *N. J. L.* 449.

The judgment is reversed, with costs.